# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 15-1093V**
**Filed: March 24, 2016**
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
ANTHONY NELSON, *
*
Petitioner, *
v. *
* Attorneys' Fees and Costs;
SECRETARY OF HEALTH * Special Processing Unit ("SPU")
AND HUMAN SERVICES, *
*
Respondent. *
*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Maximillian Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Glenn MacLeod, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 29, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a left shoulder injury due to an influenza ("flu") vaccination he received on December 4, 2014. On February 10, 2016, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 15).

On February 16, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 19). Petitioner requests attorneys' fees in the amount of **$15,147.00** and attorneys' costs in the amount of **$1,133.70** for a total amount of **$16,280.70**. *Id.* at 1.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

On March 1, 2016, respondent filed a response to petitioner's motion. (ECF No. 20). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 2. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2 n.2. Additionally, she asserts that her "estimation of reasonable attorney's fees and costs for the present case roughly falls between $12,000.00 and $14,000.00," but provides no basis for (or explanation for how she arrived at) this proposed range. *Id.*

On March 11, 2016, petitioner filed a reply. (ECF No. 21). Petitioner argues that respondent has provided "no precise objection" but only "a self-serving 'estimation' of what the Respondent believes the range for fees and costs in this type of case should be." *Id.* at 1-2. Petitioner included a list of the attorneys' fees and costs awarded to petitioner's counsel in similar cases since late 2014 for reference.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

Petitioner requests additional attorneys' fees in the amount of **$1,020.00** (four hours of time) for preparing the reply. *Id.* at 4 n.1; 5 n.3. He has not, however, provided specific billing entries describing how this time was expended. The undersigned finds the request for additional hours spent preparing the reply to be reasonable and awards the full amount requested for preparation of the reply brief, **$1,020.00**.[3] Thus, the total amount awarded for attorneys' fees and costs is $**17,300.70**.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $17,300.70[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Maximillian Muller.**

---

[3] The undersigned may reduce the attorneys' fees sought for additional filings of a similar reply in other cases.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.